**Jason A. BRANDON**

v.

**AETNA SERVICES, INC., et al.**

**No. 3:98cv715 (JBA).**

United States District Court,
D. Connecticut.

March 16, 1999.

---

Francis A. Miniter, Miniter & Associates, Hartford, for Jason A. Brandon, plaintiff.

Theodore J. Tucci, Jean Elizabeth Tomasco, Robinson & Cole, Hartford, John D. Palermo, Wein & Palermo, West Hartford, for Aetna Svcs Inc, Successor in interest to Aetna Life & Casualty Co., United Healthcare, Inc, United Healthcare Ins Co., defendants.

### RULING ON AETNA SERVICES, INC'S MOTION TO DISMISS [DOC. # 22]

ARTERTON, District Judge.

Pending before this Court is Aetna Service, Inc.'s Motion to Dismiss the Second Count of the Plaintiff's Amended Complaint alleging medical malpractice on the grounds that such claim is preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"). For reasons that follow, Defendant's Motion to Dismiss the Second Count is GRANTED.

### I. Factual Background

In his amended complaint,[1] the Plaintiff seeks damages from Aetna Services Inc., successor in interest to Aetna Life and

1. By filing the two-count Amended Complaint, dated July 29, 1998, Plaintiff voluntarily withdrew two additional state law claims which were included in his original complaint. *See* Orig. Compl., dated April 16, 1998—Count Three (negligent misrepresentation) and Count Four (negligent infliction of emotional distress).

Casualty Co. ("Aetna") and United Healthcare Services, Inc. and United Healthcare Insurance Co., acting through Healthmarc ("Healthmarc") resulting from their failure and refusal to pay for medical treatments that he had already received or that his physicians had recommended for him prospectively in violation of ERISA (First Count) and a common law claim of medical malpractice (Second Count). *See* Compl. ¶¶ 22–26 & 27–35.

Plaintiff was an employee of Arthur Anderson LLP ("Anderson"), *Id.* at ¶ 5. Aetna, a Connecticut corporation, served as the "administrator"[2] of Plaintiff's health care plan that was provided to him by his employer, Anderson. *Id.* at ¶ 8. Under the health care plan, Aetna agreed that it would provide coverage for medically necessary services as determined by Healthmarc. *Id.* at ¶ 14. It is conceded that Plaintiff was a "participant"[3] in Anderson's health care plan and that the plan is an "employee benefit plan"[4] covered by ERISA.

Plaintiff suffers from severe anxiety disorder and substance-abuse problems which has required in-patient and out-patient care in various facilities including the Hazelden facilities in Minnesota and Florida and the Spruce Mountain Inn in Vermont. *Id.* at ¶ 10. In the First Count, Plaintiff seeks to recover for Defendants' failure or refusal to pay for his medical treatments, despite the recommendations of his treating psychiatrist and psychologist, over three different periods of time: 1) his in-patient treatment at the Hazelden facilities in Minnesota and Florida in January and February 1997; 2) his treatments at the Spruce Mountain Inn between July 1 and September 7, 1997; and 3) his continued treatment at the Spruce Mountain Inn for the six months following December 1997. *Id.* at ¶ 24.

In Count Two, Plaintiff alleges that Defendants committed malpractice by engaging in the practice of medicine or psychiatry "by undertaking to make decisions about what psychiatric and psychological treatment was and was not appropriate for Mr. Brandon," and then failing to exercise the degree and skill ordinarily exercised by psychiatrists and psychologists in Connecticut or Vermont by failing or refusing to "approve and pay for at least six months of treatment subsequent to December 31, 1997" and "pay for treatment he had undergone between July 1997 and September 1997." *Id.* at ¶¶ 29, 32.

## II. Standard for Motion to Dismiss

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the complaint and must construe any well pleaded factual allegations in the plaintiff's favor. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Easton v. Sundram,* 947 F.2d 1011, 1014–15 (2d Cir.1991), cert. denied, 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). A court may dismiss a complaint only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Still v. DeBuono,* 101 F.3d 888 (2d Cir., 1996). The issue on a motion to dismiss "is not whether the plaintiff will prevail, but whether he is entitled to offer evidence to support his claims." *United States v. Yale New Haven Hosp.,* 727 F.Supp. 784, 786 (D.Conn.1990) (citing *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683). In deciding such a motion, consideration is limited to the facts stated in the complaint or in documents attached as exhibits or incorporated by reference. *See Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 (2d Cir.1991).

**2.** *See* 29 U.S.C. § 1002 16(A).

**3.** *See* 29 U.S.C. § 1002(6) & (7) (1994).

**4.** *See* 29 U.S.C. § 1002(1)(A) (1994).

## III. Discussion

The sole issue presented in this Motion to Dismiss is whether ERISA preempts plaintiff's medical malpractice claim against Aetna arising from Aetna's refusal to approve and pay for Plaintiff's treatment. The Plaintiff contends that dismissal is inappropriate because a malpractice claim does not "relate to" an employee benefit plan with the meaning of Section 514(a). While Defendant acknowledges that some courts have found a plan beneficiary's malpractice liability claim not to be preempted by ERISA under certain circumstances, Defendant contends that Plaintiff's claim is distinguishable in that it does not challenge the "quality" of the medical treatment actually received nor seeks to hold the Defendant vicariously liable for the treatment received, but instead challenges the Defendant's benefits determination, namely Defendant's decision not to approve, reimburse or pay for certain of the Plaintiff's treatments.

As a general matter, ERISA preempts all state law claims that directly relate to the plan since Congress intended for ERISA to supercede all state laws that "relate to" employee benefit plans. See 29 U.S.C. § 1144(a) (1994) (the provisions of ERISA "shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in ... this title."). A law "relates to" an employee benefit plan when the plan has a connection with or reference to such a plan. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96, 97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); *Ingersoll–Rand v. McClendon*, 498 U.S. 133, 139, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). However, the effect of the state law may be found "too tenuous, remote or peripheral ... to warrant a finding that the law 'relates to' the plan." *Shaw*, 463 U.S. at 100 n. 21, 103 S.Ct. 2890.

Although Plaintiff recognizes that the case law "makes a distinction between 'arranging, supervising, or providing treatment of a plan participant—which would

be outside the scope of ERISA § 502(a)—or merely making a benefit determinations—which would be within the scope of the ERISA § 502(a),'" Pl. Supp. Mem. Opp. at 2 *citing Moscovitch v. Danbury Hospital*, 25 F.Supp.2d 74, 82 (D.Conn. 1998), he misinterprets the distinction as applied to his malpractice claim. Plaintiff relies on the recent decision in *Moscovitch v. Danbury Hospital, supra,* and several recent cases from other jurisdictions that have held that when the physician is an agent of the plan, a malpractice claim based upon vicarious liability is not preempted by ERISA. *See e.g., Pacificare of Okla., Inc. v. Burrage*, 59 F.3d 151, 153 (10th Cir.1995) (malpractice claim at issue does not challenge the administration of benefits under plan, but rather alleges that decedent received negligent treatment from a doctor who was the held out by the HMO as its agent); *Rice v. Panchal*, 65 F.3d 637 (7th Cir.1995) (finding plaintiff's claim against administrator not preempted where liability was based upon alleged malpractice of doctor listed on administrator's list of providers) In each case, the plaintiff claimed negligence on part of the treating physician or professional and sought to hold the plan vicariously liable based upon the fact that the physician was an agent of the plan administrator. For example in *Moscovitch*, the Plaintiff's estate challenged the quality of the medical treatment the deceased allegedly received from the plan and its agents prior to his suicide. The *Moscovitch* court noted that the complaint "does not assert that [plan administrator] was making wrong decisions about whether certain care would be covered by its plan, but instead challenges the decisions made by [plan administrator] with respect to the quality and appropriate level of care and treatment of the decedent." *Id.* at 80.

Thus, ERISA's preemptive effect on medical malpractice claims differs on whether the claim is based on a refusal to reimburse or authorize treatments, i.e. the quantity of services afforded under the

plan or is based upon the quality of medical treatment provided. *See e.g., Corcoran v. United HealthCare, Inc.,* 965 F.2d 1321 (5th Cir.1992) (plaintiff's malpractice claim against plan administrator for improperly denying coverage for prenatal care recommended by treating physician was preempted by ERISA); *Kuhl v. Lincoln Health Plan of Kansas City,* 999 F.2d 298 (8th Cir.1993) (plaintiff's medical malpractice claims against plan administrator for improper processing and delay in processing plaintiff's claim were preempted by ERISA). This quantity-quality distinction has been succinctly summarized as follows:

> [T]here is complete preemption, ... where an ERISA plan beneficiary or participant challenges the administrative denial of a medical benefit due under the plan, i.e., where plaintiff's complaint assails the quantity of benefits received. But complete preemption, ..., is absent where the ERISA plan beneficiary or participant challenges the soundness of a medical decision made during the course of treatment, i.e., where plaintiff's complaint assails the quality of care provided under the plan.

*Lancaster v. Kaiser Foundation Health Plan of Mid–Atlantic States, Inc.,* 958 F.Supp. 1137 (E.D.Va.1997).

 Plaintiff does not allege that the doctors who treated him were agents of Aetna or that Aetna directed their conduct or directed the Plaintiff to seek treatment at these facilities, nor does he challenge the quality of his medical treatment. What Plaintiff seeks recovery for is the allegedly negligent decisions made during Aetna's benefit utilization process that denied payment for medical treatment which he needed. In sum, the essence of Plaintiff's malpractice claim is Aetna's refusal to pay for the medical treatment that his physicians said was necessary. *See* Compl. ¶¶ 32 ("Both Defendants breached their duty to Mr. Brandon in that they did not exercise the degree of care or skill ordinarily exercised by psychiatrists and psychologists in their profession in Con-

necticut or Vermont in that they failed or refused to a) approve and pay for at least six months of treatment subsequent to December 31, 1997 ...; and b) pay for treatment he had undergone.") Despite Plaintiff's attempt to dress up his ERISA claims for failure to pay benefits (First Count) in state law malpractice clothing, the Plaintiff is basically seeking a remedy for a breach of an obligation under the plan to pay for certain medical benefits, namely treatment at the Hazelden and Spruce Mountain facilities. From this pleading, the Court concludes that Plaintiff's medical malpractice claim is predicated on the alleged improper decisions about coverage of his claims under the ERISA plan, and is therefore preempted. *See Andrews–Clarke v. Travelers Ins. Co.,* 984 F.Supp. 49 (D.Mass.1997) (beneficiary's state law claims against plan administrator for breach of contract, medical malpractice and wrongful death, loss of consortium, intentional and negligent infliction of emotional distress, and violations of consumer protection laws preempted by ERISA where based on improper refusal to authorize treatment).

## IV. Conclusion

For the foregoing reasons, the Aetna Services, Inc.'s Motion to Dismiss the Second Count of Plaintiff's Amended Complaint [doc. # 22] is GRANTED.

IT IS SO ORDERED.